IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JANICE L. ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-101 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, attempting to seek court review of an adverse decision on her request for social security benefits (doc. no. 1), and requesting permission to proceed *in forma pauperis* ("IFP") (doc. no. 2).[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED**, Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

I. BACKGROUND

In her complaint, Plaintiff offers the Court virtually no information regarding her claim and fails to provide any of the information that is required for this Court to hear her social security appeal. Plaintiff asserts that she has several physical infirmities, has trouble sleeping, and takes unspecified medication for chronic pain. (Doc. no. 1, p. 3.) She states that she has "not been able to obtain Social Security disability." (Id.) There is no requested relief. (Id. at 5.)

---

[1] The complaint was filed even though, in contravention of the Local Rules, it was not signed by Plaintiff. See Loc. R. 11.1.

## II. DISCUSSION

As a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h);[2] United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1103-05 (11th Cir. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 757-62 (1975) and explaining that § 405(h) bars reliance on general federal question jurisdiction when a party's claim arises under the Social Security Act); see also Califano v. Sanders, 430 U.S. 99, 105-07 (1977) (holding that Administrative Procedure Act does not provide the district courts with an independent source of subject matter jurisdiction over Social Security claims).

Section 405(g) provides the following prerequisites for judicial review: 1) a final decision made by the Commissioner of Social Security after a hearing, 2) the commencement of a civil action within sixty days after the mailing of notice of the Commissioner's decision to the claimant, and 3) the filing of a civil action in an appropriate district court. Weinberger, 422 U.S. at 763-64.

Although the Supreme Court has clarified exhaustion of administrative remedies may be waived by the Commissioner under certain circumstances, there is no available waiver for the requirement that a claim for benefits must be presented to the Commissioner so that a "final decision" can be made. Mathews v. Eldridge, 424 U.S. 319, 328 (U.S. 1976); see also

---

[2]Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

Bloodsworth v. Heckler, 703 F.2d 1233, 1237-39 (11th Cir. 1983) (recognizing "final decision" is not synonymous with complete exhaustion but also recognizing necessity for presentation of claim to Commissioner via use of administrative procedures within the Social Security Administration for development of an adequate record for judicial review).

Here, Plaintiff provides absolutely no information concerning any administrative proceedings before the Social Security Administration, let alone does she state that she presented any particular claim for benefits to the Commissioner for a final decision. Accordingly, Plaintiff has not met the prerequisites for judicial review, and her case must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED**, Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA